UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ev3 INTERNATIONAL INC., a Delaware Corporation, and MICRO THERAPEUTICS INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCED MEDICAL CHINA HONG KONG LTD. and KEVIN JAMES MACDONALD,<br><br>Defendants. | Civil No. 04-4687 (PJS/RLE)<br><br><br><br><br><br>ORDER |

Heather N. Hoecke, Jeffrey J. Bouslog, Adam C. Trampe, OPPENHEIMER WOLFF & DONNELLY LLP, for the plaintiffs.

Joseph A. Schenk, HEBERT SCHENK PC; Daniel R. Shulman, Dean C. Eyler, GRAY PLANT MOOTY MOOTY & BENNETT, PA, for the defendants.

This matter is before the Court on the plaintiffs' objection to Chief Magistrate Judge Raymond L. Erickson's December 13, 2006 order denying the plaintiffs' second motion to amend the complaint to add CIDCO Investment Company II, LLC ("CIDCO") and EastSky Investments, Inc. ("EastSky") as defendants.

A magistrate judge's ruling on nondispositive pretrial matters may be reversed only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "'A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Chase v. Comm'r*, 926 F.2d 737, 740 (8th Cir. 1991) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). The Court has reviewed the plaintiffs' objection

and finds nothing in Magistrate Judge Erickson's order to be clearly erroneous or contrary to law. The order is therefore affirmed.

As part of their objection to Judge Erickson's order, the plaintiffs ask the Court to decide whether CIDCO and EastSky are indispensable, or even necessary, parties under Fed. R. Civ. P. 19. As the defendants point out, however, this issue does not form part of the plaintiffs' claims, but instead relates to a potentially dispositive defense that the defendants have not raised.[1] Nor does it appear that the defendants will be able to raise it in the context of a dispositive motion, as the deadline for filing dispositive motions passed on May 26, 2006. The Court therefore will not address this issue at this time.

ORDER

Based on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The December 13, 2006 order of Magistrate Judge Erickson [Docket No. 169] is AFFIRMED.

2. The defendants' motion to strike [Docket No. 171] is DENIED.

Dated: January 17, 2007

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge

---

[1] The defendants make this argument in a motion seeking to strike portions of the plaintiffs' objection. Such a motion is not authorized by the Federal Rules of Civil Procedure, and it is accordingly denied. *See Carlson Mktg. Group, Inc. v. Royal Indem. Co.*, No. 04-3368 (PJS/JJG), 2006 WL 2917173, at *2-3 (D. Minn. Oct. 11, 2006).